IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CASE NOS.: 1:13-CR-12 (WLS) |
| STEWART PARNELL, MICHAEL | : | 1:13-CR-7 (WLS) |
| PARNELL, SAMUEL LIGHTSEY, and | : | |
| DANIEL KILGORE | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

After the above-named Defendants were sentenced, the Court entered Orders as to each of them setting forth a timeline for the determination of the proper restitution amount as to each Defendant. (1:13-cr-12, Docs. 484, 515; 1:13-cr-7, Doc. 34.) The Court directed the Parties to notify that Court no later than Friday, November 20, 2015 whether a hearing before the Court is desired or necessary prior to the Court's issuing its final determination of each Defendant's restitution amount. On November 23, 2015, the Court again ordered the Defendants to notify the Court whether they desired a hearing on the restitution amount by December 1, 2015. (Doc. 596.) The Court has received notice from Defendants Stewart and Michael Parnell that they do desire a restitution hearing. (Docs. 597, 598.) The Court has not yet received any such notice from Defendants Samuel Lightsey and Daniel Kilgore and therefore finds that they must appear for a restitution hearing since they have not waived their right to do so.

The Court scheduled a restitution hearing for December 7, 2015; however, because Defendants Lightsey and Kilgore have already been transported to Bureau of Prisons facilities outside of Georgia, the Court has determined that it will not be possible for them to be transported to the Middle District of Georgia by December 7.

The Court notes the ninety-day deadline for ordering restitution prescribed by 18 U.S.C. § 3664(d)(5). However, in *Dolan v. United States,* the Supreme Court held that "a sentencing court that misses the 90-day deadline nonetheless retains the power to order restitution –at least where . . .the sentencing court made clear prior to the deadline's expiration that

1

it would order restitution, leaving open (for more than 90 days) only the amount." 560 U.S. 605, 607-08 (2010). This Court made clear at the time of sentencing that it had concluded that restitution was mandatory as to each of the above-named Defendants and that the only outstanding issue was the *amount* of restitution. (Case No. 1:13-cr-12, Docs. 484, 515; Case No. 1:13-cr-7, Doc. 34.) Under the *Dolan* holding, the Court retains the power to conduct a restitution hearing and order restitution even after the ninety-day deadline has elapsed.

Therefore, in the interests of justice and judicial economy, the Court **CONTINUES** the restitution hearing set for December 7, 2015 so that all of the above-named Defendants can be in attendance. The Parties are **ORDERED** to appear for a restitution hearing on **Tuesday, January 26, 2016 at 10:00 AM**. The Government is **ORDERED** to ensure that arrangements are made with the Bureau of Prisons for Defendants' timely transport to the Middle District of Georgia. Stewart Parnell's Motion for Lead Counsel to Be Excused from the Hearing (Doc. 599) is **DENIED AS MOOT**.

**SO ORDERED**, this 2nd day of December, 2015.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2